Filed 5/21/25  P. v. Tobias CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083309 |
| v. | (Super.Ct.No. RIF104131) |
| WILLIE JUNIOR TOBIAS, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed with directions.

Marcia R. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Liz Olukoya, for Plaintiff and Respondent.

1

Defendant and appellant Willie Junior Tobias, Jr., appeals the order of the Riverside County Superior Court finding him ineligible for resentencing under Penal Code section 1172.75.[1]  We will affirm.

**BACKGROUND**

In 2003, a jury found defendant guilty of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)) and battery causing serious bodily injury (§ 243, subd. (d)), and also found true an enhancement for personal infliction of great bodily injury (§ 12022.7, subd. (a)).  Defendant admitted three serious felony priors (§ 667.5, subd. (a)) and four prison priors (§ 667.5, subd. (b)).  The trial court sentenced defendant to 43 years to life in state prison, and imposed but stayed four one-year terms for the prison priors.

Defendant appealed the judgment.  (*People v. Tobias* (June 21, 2004, E033801) [nonpub. opn.].)  We remanded the matter to the trial court with directions to amend defendant's abstract of judgment to strike one of the prison prior enhancements that had been imposed and stayed, and affirmed the judgment in all other respects.  (*Ibid.*)

1.  *The Developments Concerning the Elimination of Prior Prison Enhancements Other Than Those Involving Certain Sexually Violent Crimes*

In 2019, the Legislature amended subdivision (b) of section 667.5 (amended § 667.5(b)) to eliminate prior prison term enhancements unless the prior prison term was for specific sexually violent offenses.  (Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020.)  The

---

[1]   All subsequent statutory references are to the Penal Code

amendment was retroactive to any case in which the judgment was not final. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342.)

In 2022, section 1172.75 became effective.[2] (Stats. 2021, ch. 728, § 3, eff. Jan. 1, 2022.) Subdivision (a) of that provision declares legally invalid any prison prior sentence enhancement defined in amended section 667.5(b) that was imposed prior to January 1, 2020. (§ 1172.75, subd. (a).)

In relevant part, section 1172.75 requires the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to identify persons in their custody currently serving a term for a judgment that includes a prison prior enhancement coming within subdivision (a) of section 1172.75 and to provide the name of each person and other specified identifying information to the sentencing court. (§ 1172.75, subd. (b).)

Upon receiving names from CDCR, the sentencing court must review each person's current judgment to be sure it includes a section 1172.75, subdivision (a) enhancement. (§ 1172.75, subd. (c).) If the court determines the current judgment includes the enhancement, it must recall the sentence and resentence the defendant. (*Ibid.*)

Following the passage of section 1172.75, a dispute arose in the courts of appeal with respect to the meaning of the word "imposed" in subdivision (a). In *People v.*

---

[2] At the time of its enactment in January 2021, section 1172.75 was numbered section 1171.1, but was renumbered effective June 30, 2022, with no substantive changes to the statute (Stats. 2022, ch. 58, § 12). For the sake of simplicity, we will refer to the provision by its current number

*Rhodius*, this court held "imposed" means a defendant is entitled to a resentencing hearing only if the prison prior was imposed and executed. (*People v. Rhodius* (2023) 97 Cal.App.5th 38, 45 (*Rhodius*), review granted Feb. 21, 2024, S283169.)

Other courts have arrived at varying conclusions. For example, in *People v. Christianson* (2023) 97 Cal.App.5th 300, 313–316 (*Christianson*), review granted February 21, 2024, S283189, Division One of the Fourth District concluded "imposed" includes sentences imposed and stayed. In another case, Division One held that a stricken enhancement (as distinguished from one that is stayed) is not an imposed enhancement within the meaning of subdivision (a) of section 1172.75. (*People v. Tang* (2025) 109 Cal.App.5th 1003, 1007–1009.) In *People v. Espino* (2024) 104 Cal.App.5th 188, 196–197, review granted October 23, 2024, S286987, the Sixth District decided defendants are entitled to resentencing whether punishment for the prison prior was executed, stayed, or stricken.

2. *The Application of Section 1172.75 in Defendant's Case, Resulting in this Appeal*

Defendant was included in a CDCR list of persons sentenced in Riverside County considered to be eligible for resentencing relief because of a prison prior.[3] At the ensuing unreported hearing, the trial court noted it had read and considered *Rhodius*, *supra*, 97 Cal.App.5th 38, review granted, *Christianson*, *supra*, 97 Cal.App.5th 300, review

---

[3] On our own motion, we (i) took judicial notice of the declarations of Aimee Vierra and David McKinney, filed in case No. E082642, and (ii) augmented the record in this case to include the CDCR list attached to those declarations. That list, dated June 16, 2022, sets forth the names of persons eligible for relief under section 1172.75 in active cases for Riverside County. Defendant's name appears on page 29.

granted, and *People v. Saldana* (2023) 97 Cal.App.5th 1270, review granted March 12, 2024, S283547. It found defendant was ineligible for resentencing under section 1172.75, subdivision (d) and denied defendant's request for resentencing. Defendant then timely noticed this appeal from the denial of his petition for resentencing.

## DISCUSSION

Defendant argues the court erred (i) when it failed to afford him a full resentencing hearing pursuant to section 1172.75, (ii) when it conducted the section 1172.75 hearing without defendant being present, and (iii) and when it failed to strike the legally invalid prison prior enhancements.

### 1. *The Failure to Conduct a full Resentencing Hearing*

As noted *ante*, appellate courts are divided on the issue whether full resentencing hearings are required when a defendant's sentence includes a prison prior that is not executed. In the absence of direction to the contrary from California's Supreme Court on the issue, we continue to adhere to our decision in *Rhodius*, which held section 1172.75 resentencing relief applies only to sentences for prison priors that are imposed *and* executed, not to those that have been stayed or the punishment stricken. (*Rhodius, supra*, 97 Cal.App.5th at pp. 44–49, review granted.) Our conclusion is bottomed on the statute's requirement that the elimination of the repealed prison prior enhancement must result in the reduction of the sentence. (§ 1172.75, subd. (d)(1); *Rhodius*, at pp. 42–45, review granted.)

On appeal, defendant argues he should have been afforded a resentencing hearing for each of several reasons: (1) the language of section 1172.75 does not limit its

application to prison prior sentences that have been executed; (ii) providing full resentencing for all defendants comports with Legislature's goals of criminal justice reform, eliminating racial disparities in the justice system and requiring remedial action; and; (iii) the statute's legislative history, including its refusal to enact section 1172.75 as a purely administrative adjustment in particular, supports the notion that resentencing is required in every case involving a section 1172.75, subdivision (a) prison prior.

We are not persuaded. As we explained in *Rhodius*, subdivision (d)(1) of section 1172.75 requires resentencing of defendants with a prison prior to result in a lesser sentence than the one originally imposed unless there is clear and convincing evidence that a reduced sentence would endanger public safety. (*Rhodius*, *supra*, 97 Cal.App.5th at p. 43, review granted.) The only sensible reading of that provision is that it is intended to apply solely in cases in which the prison prior actually increased a defendant's sentence. (*Id.*, at pp. 43–44.) To expand the lesser sentence requirement to cases in which the enhancement was ordered and then stayed or stricken would mean the sentencing court must arbitrarily reduce prison terms imposed pursuant to other statutes having nothing to do with a legally invalid prison prior. (*Ibid.*)

Moreover, the Legislature is known to use the word "impose" as shorthand for impose and then execute. (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126–1127.) That it did so with respect to section 1172.75 is made clear in the uncodified preamble to Senate Bill No. 483 in which the Legislature found and unambiguously declared that, as part of its efforts to ensure equal justice and address systemic racial bias in sentencing, it intended to retroactively apply amended section 667.5(b) to "all persons *currently serving*

6

*a term of incarceration in jail or prison for these repealed sentence enhancements*."
(Stats. 2021, ch. 728, § 1, italics added.)

We also disagree with defendant's conclusion that our opinion in *Rhodius* was incorrectly decided. The Supreme Court has granted review in *Christianson* and *Rhodius*, and we see no reason to abandon *Rhodius* unless and until that court instructs us to take a different approach.

2. *Defendant's Absence From the Hearing*

Defendant argues the finding defendant is ineligible for a full resentencing must be reversed because he did not attend the any of the hearings concerning his eligibility for section 1172.75 relief and there is no valid waiver of his attendance in the record.

Defendants have constitutional and statutory rights to be personally present at any proceeding in which their appearance is necessary to protect their opportunity for effective cross-examination or to permit them to participate at a critical stage and enhance the fairness of the proceeding. (U.S. Const., 6th & 14th Amends.; Cal. Const., art. I, § 15; §§ 977, 1043; *People v. Flinner* (2020) 10 Cal.5th 686, 710 (*Flinner*).) But, none of those provisions require defendants to be personally present at proceeding where their presence bears no reasonable, substantial relation to their defend against the charges against them or otherwise contribute to the fairness of the proceedings. (*People v. Blacksher* (2011) 52 Cal.4th 769, 799 (*Blacksher*).)

To prevail on a claim that their constitutional or statutory rights to be present at a hearing have been violated, defendants must establish that their absence prejudiced their case. (*Flinner*, *supra*, 10 Cal.5th at p. 710; *Blacksher*, *supra*, 52 Cal.4th at p. 799.)

Here, defendant has failed to establish how he was prejudiced when the court proceeded. He simply notes that the court in *People v. Velasco* found the record did not show an adequate waiver of Mr. Velasco's right to be present at his section 1172.75 resentencing hearing. (*People v. Velasco* (2023) 97 Cal.App.5th 663, 673–674.) The circumstances in *Velasco* are decisively distinguishable from the circumstances here. In that case, the court recalled the defendant's sentence and held a full resentencing hearing. (*Id.*, at p. 668.) Here, the court found as a matter of law that defendant was not eligible for resentencing. Defendant has not undertaken to demonstrate how his presence would have had affected that decision.

3. *The Failure to Strike the Stayed Prison Priors*

Defendant argues the trial court erred when it did not strike the stayed prison priors because, even if this court affirms the trial court's finding that defendant is not eligible for a section 1172.75 resentencing hearing, he is "still entitled to have [prison priors] stricken." The authority he cites does not support his claim. That said, continued inclusion of the prison prior enhancements on the abstract of judgment may cause confusion in the future. Accordingly, we will exercise our inherent authority to order the trial court to strike the prison prior enhancements in their entirety as legally invalid and to issue a new abstract of judgment that does not contain any reference to them.

**DISPOSITION**

The order finding defendant ineligible for resentencing under section 1172.75, subdivision (d) is affirmed. We remand the matter to the superior court with directions to strike the stayed prison prior enhancements, to issue an amended abstract of judgment

8

eliminating all references to those enhancements, and to forward the amended abstract of judgment to the CDCR.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

MILLER
J.